IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-40288
Conference Calendar
_____


EARTHEL B. HILL,

Plaintiff-Appellant,

versus

N.C. MCCLURE; B. THALER, T.L. DOERR;
C. PURVIS; B.W. RODEEN; R. AYERS;
L.J. JOHNSON; R.S. STULTS,

Defendants-Appellees.


- - - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-87-CV-346
- - - - - - - - - - -
(October 20, 1995)
Before POLITZ, Chief Judge, and REAVLEY and SMITH, Circuit Judges.

PER CURIAM:[*]

This case is here on a motion to proceed in forma pauperis (IFP) on appeal. This Court may authorize Hill to proceed IFP on appeal if he is unable to pay the costs of the appeal and the appeal is taken in good faith, i.e., the appeal presents nonfrivolous issues. 28 U.S.C. § 1915(a); Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir.), cert. denied, 488 U.S. 931 (1988).

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

Hill argues in his first three listed issues that the district court appointed ineffective counsel, that court-appointed counsel misrepresented him, and that he had an expectation that he would receive reasonable representation from counsel appointed by the district court. This court addressed this issue in its previous order, noting that there is no right to effective representation under the Sixth Amendment in civil cases, citing Sanchez v. United States Postal Service, 785 F.2d 1236, 1237 (5th Cir. 1986). This issue is frivolous.

Hill contends that he requested the district court to instruct the jury that they could infer from the obviousness of the risk that the defendants had knowledge, and that the district court rejected this request. He contends that the facts supported such an instruction.

Hill does not provide any record citations. He does not state what facts support the instruction. This court could decline to address this issue for failure to brief it adequately. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Alternatively, addressing the merits of the issue, Hill is correct that in Farmer v. Brennan, 114 S. Ct. 1970, 1981-82 (1994), the Supreme Court stated that knowledge could be inferred from an obvious risk. Hill did request the district court to instruct the jury that "the requisite knowledge can be demonstrated through direct evidence or inferred through circumstantial evidence," but he did not request the district court to instruct the jury that they could infer knowledge from the obviousness of the risk. Thus, Hill was not deprived of a

fair trial due to the district court's failure to give an instruction that was never requested.

Hill argues that the district court abused its discretion in granting defendants' summary judgment motion. He states that the defendants did not show that there was no genuine issue of material fact or that they were entitled to summary judgment as a matter of law.

Hill does not state what material issues of fact he contends exist to preclude summary judgment for the defendants. He does not cite any case law regarding his burden of proof on the dismissed claims, or what facts he presented to the court on summary judgment which would allow him to reach the jury on those claims. This Court will not raise and discuss legal issues that the appellant has failed to assert. Claims not pressed on appeal are considered abandoned. A recitation of rules governing review of summary judgment without identification of any error in the district court's analysis or application to the facts of the case is the same as if the appellant had not appealed that judgment. Brinkmann, 813 F.2d at 748.

We caution Hill that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Hill is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous because they have been previously decided by this court.

APPEAL DISMISSED AS FRIVOLOUS. See 5th Cir. R. 42.2.